NEW YORK CENTRAL RAILROAD COMPANY, Plaintiff-Appellant, v KARL KIEFER MACHINE COMPANY, Defendant-Appellee.

Ohio Appeals, First District, Hamilton County.

No. 6744.   Decided January 6, 1947.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, Henry E. Street, Cincinnati, and Edward G. Weber, Jr., for Appellant.

Jerome Goldman, Cincinnati, and A. Julius Freiberg, Cincinnati, for Appellee.

## OPINION

By THE COURT:

This is an appeal from a judgment for the defendant in an action in which the plaintiff, a common carrier of freight, sought to recover a charge for demurrage on a shipment of steel bars from Cleveland to Cincinnati.

One of the essential elements of the plaintiff's 'case was compliance with that provision of the rules of the Public Utili-

ties Commission of Ohio requiring that "notice shall be sent or given consignee—in writing—within 24 hours (one day) after arrival of shipment and billing at destination, such notice to specify point of shipment and commodity. When the address of the consignee does not appear on billing and is not known, Notice of Arrival must be deposited in the United States mail bearing return address, same to be preserved on file if returned." It is conceded that demurrage would not begin to run until such compliance.

The parties do not agree on the meaning of this rule. The plaintiff contends that depositing the notice in the United States mail, properly addressed, is a compliance. The defendant, while conceding that the deposit of the notice in the mail, properly addressed, raises an inference or presumption that the notice was actually delivered to the defendant, nevertheless, actual delivery is required and that before plaintiff could recover, there must be a finding of actual delivery.

However, we find that it is not necessary to the decision of this case that we resolve this dispute as to the meaning of this rule.

The plaintiff concedes that the burden was upon it to prove the mailing of the notice of arrival. The burden of persuading the trier of the facts that the notice had been properly mailed never shifted, and the plaintiff failed to persuade the trial court that it had mailed the notice.

At the request of the plaintiff the trial court made a separate finding of facts and conclusions of law, and in its finding of facts it did not find that the notice had been mailed. No finding was made on that issue and facts not found are presumed not to exist. James v West, 67 Oh St 28. The findings are therefore, insufficient to support a judgment for plaintiff upon plaintiff's own interpretation of the rule respecting notice or the mailing of notice.

We have before us, however, not only the findings of fact, but also the evidence upon which it was based. We can, therefore, test the findings in determining what judgment to render. We have done this and have reached the conclusion that the evidence justifies the findings. There are many circumstances shown in the evidence that cast doubt on the testimony of the plaintiff's witness that he mailed the notice. Certainly, the court was not required under the circumstances to accept such testimony as conclusive. As the burden was on the plaintiff the court could not find that the notice had been mailed unless it could say that on the evidence that it was more probable that it had been mailed than that it had not been. If the evidence was equally balanced, it could not make an affirmative

finding—and that is in substance what the court did.

We find no prejudicial error in the record, and the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur.